J-A25019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMIE M. BROWN | : | |
| | : | |
| Appellant | : | No. 17 WDA 2022 |

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000913-2001

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: June 28, 2024**

Appellant Jamie M. Brown appeals from the order dismissing his untimely Post-Conviction Relief Act[1] (PCRA) petition without a hearing. This matter returns to us after our Supreme Court remanded for this Court to address the PCRA court's reasons for rejecting Appellant's **Brady**[2] claim. Following review, we remand this matter for further proceedings consistent with this memorandum.

The underlying facts of this matter are well known to the parties. **See** PCRA Ct. Order, 9/29/21, at 1-4. Briefly, a jury convicted Appellant of third-degree murder after the 2001 shooting death of Aliquippa Police Officer James Naim. On May 10, 2002, the trial court sentenced Appellant to an aggregate

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

term of twenty to forty years' incarceration. On direct appeal, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied further review. *See Commonwealth v. Brown*, 991 WDA 2002 (Pa. Super. filed Feb. 23, 2004) (unpublished mem.) (**Brown I**), *appeal denied*, 863 A.2d 1142 (Pa. 2004).

Appellant filed the instant PCRA petition, his fourth, on June 4, 2021. PCRA counsel filed an amended petition claiming that Appellant was entitled to a new trial based on after-discovered[3] evidence in the form of (1) statements by Darnell Hines and Acey Taylor; and (2) undisclosed **Brady** evidence concerning Anthony "Ali" Dorsett's federal plea deal, during which Dorsett implicated Anthony Tusweet Smith for Officer Naim's murder. Appellant also argued that the PCRA time-bar was unconstitutional as applied to him.

On September 29, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. After Appellant filed a response, the PCRA court issued an order dismissing Appellant's petition for the reasons set forth in its prior order. PCRA Ct. Order, 12/15/21.

---

[3] We note that a newly-discovered fact claim is an exception to the PCRA's one-year time bar, *see* 42 Pa.C.S. § 9545(b)(1)(ii), while an after-discovered evidence claim is a substantive claim for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(2)(vi); *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (reiterating "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)").

Appellant filed a timely notice of appeal and the PCRA court issued a Pa.R.A.P. 1925(a) opinion incorporating its September 29, 2021 order. The PCRA court did not order Appellant to file a Rule 1925(b) statement.

On appeal, this Court concluded that Appellant failed to establish a timeliness exception based on the evidence concerning Dorsett and affirmed the PCRA court's ruling with respect to that issue. Appellant subsequently filed a petition for allowance of appeal with the Pennsylvania Supreme Court. On November 28, 2023, our Supreme Court issued an order vacating this Court's order "solely with respect to [the] resolution of the *Brady* claim pertaining to Dorsett's statement." *See Commonwealth v. Brown*, 308 A.3d 768, 769 (Pa. 2023) (*per curiam* order) (*Brown VII*).

On remand, we must address the PCRA court's ruling on whether Appellant's *Brady* claim met the newly-discovered fact and/or the governmental interference timeliness exceptions. *See id.*

Appellant argues that he met the newly discovered fact and governmental interference timeliness exceptions based on statements that Dorsett made during an unrelated federal plea proceeding in which Dorsett agreed to provide information to federal investigators. Appellant's Brief at 29. Appellant asserts that "[a]s part of the plea deal requiring Dorsett to provide truthful information concerning homicides in the Aliquippa region, Dorsett informed federal and state authorities that Tusweet Smith confessed to him to killing Officer Naim." *Id.* Appellant alleges that he discovered Dorsett's statement through SCI-Forest inmate Travon Dawkins, who had received

- 3 -

Dorsett's statement during discovery in a separate case. *Id.* at 12. Appellant claims that after he discovered the information, he alerted PCRA counsel, who met with Dawkins and ultimately obtained a copy of the discovery file, including Dorsett's plea deal, on November 2, 2018. *Id.*

Appellant also argues that the Commonwealth violated *Brady* by failing to disclose the information contained in Dorsett's plea deal. In support, he argues that "Beaver County detective Anthony McClure, who testified at [Appellant's] trial, former Pennsylvania State Trooper Michael Warfield, and the Beaver County District Attorney's Office[] **all** were aware of Dorsett's exculpatory statement that Tusweet Smith confessed to killing Officer Naim."[4] *Id.* at 30 (emphasis in original). However, Appellant notes that "[d]espite that fact, that information was **never** provided to [Appellant] during his prior PCRA proceedings--even after [Appellant] requested discovery that would have revealed such information." *Id.* (emphasis in original). Therefore, Appellant concludes that Dorsett's statement is *Brady* evidence which meets both the newly discovered fact and government interference exceptions to the PCRA time bar.

_____

[4] We note that while this appeal was pending, Appellant filed an application for relief in which he requested that this Court unseal wiretap records pertaining to statements by Tusweet Smith's brother, Peris Smith. *See* Application for Relief, 3/14/22, at 1-2. Appellant claimed that the wiretap evidence was relevant to his claim that Dorsett informed the police that Tusweet Smith had confessed to killing the victim, Officer Naim. *Id.* Because we conclude that Appellant has failed to establish an exception to the PCRA time-bar with respect to this claim, we likewise deny Appellant's application for relief.

The Commonwealth contends that Dorsett's statement is not a new "fact" for purposes of either timeliness exception. Commonwealth's Brief at 30. In support, the Commonwealth argues that Dorsett's statement is an unreliable hearsay statement, as Dorsett was not in Pennsylvania when the murder occurred and has no first-hand knowledge of the crime. *Id.* Additionally, the Commonwealth contends that "[j]ust because another individual advised [Appellant] that Tusweet Smith claimed to be the murderer was not a 'fact' to which a governmental official thwarted access." *Id.* at 32. Therefore, the Commonwealth concludes that Dorsett's statement is insufficient to establish an exception to the PCRA time bar.

It is well settled that a *Brady* claim may fall within the governmental interference and newly discovered fact exceptions to the PCRA time bar. *Commonwealth v. Natividad*, 200 A.3d 11, 28 (Pa. 2019). However, the merits of the underlying *Brady* claim are not relevant to whether a petitioner has met either timeliness exception. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008); *see also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267-68 (Pa. 2008) (noting that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed" (citations omitted)); *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)).

In the context of Section 9545(b)(1)(i)'s governmental interference exception, a petitioner raising a *Brady* claim "must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Abu-Jamal*, 941 A.2d 1263 at 1268 (citation omitted).

With respect to the newly-discovered fact exception at Section 9545(b)(1)(ii), the petitioner must establish that "the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." *Id.* (citation omitted). The Section 9545(b)(1)(ii) newly discovered fact exception does not have the same requirements as a *Brady* claim, as it "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Id.* (citations omitted).

However, our Supreme Court has held that "[a] claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly-discovered fact] exception to the timeliness requirement[.]" *Commonwealth v. Yarris*, 731 A.2d 581, 592 (Pa. 1999); *Abu-Jamal*, 941 A.2d at 1270 (same); *see also Commonwealth v. Brown*, 141 A.3d 491 (Pa. Super. 2016) (rejecting the petitioner's newly-discovered fact claim and reiterating that "evidence which purportedly reveals that someone other than

[the petitioner] committed the murder is hearsay, not within any exception,

and so unreliable as to be inadmissible" (citation omitted)) (**Brown IV**).

Here, the PCRA court addressed Appellant's newly-discovered fact claim

as follows:

> In a previous PCRA [petition] filed by [Appellant], [Appellant] alleged newly-discovered facts in an attempt to obtain a new trial. In an affidavit dated August 17 2013 and received by [Appellant] on September 9, 2013, it was alleged that an individual . . . overheard multiple police officers confess to killing officer Naim. That affidavit reads as follows:
>
>> Three [] days after the murder of Officer James Naim[,] I was at Patrick Mastanico[']s apartment along with [Aliquippa Police Officers] Sonya Carter, Tommy Lemon[,] and David Edgil . . . Tommy Lemon started [talking about] how he walked up behind [Officer] Naim and shot him in the back of his head and that when he went down he started kicking so he shot him again. And he was laughing about it. And started talking about how they (David Edgil [and] Tommy Lemon) [did] what they did because [] their jobs were on the line because [Officer] Naim was going to go and speak to some people about all the things going on in the Aliquippa Police Department. [T]hey were saying as to how they did it for all of their brother officers. And how they [planned] to put the blame on [Appellant] stating that [Appellant] told them that [there] was a hit list of cops because of a traffic stop they made on [Appellant] . . . Also how they could make people say what they wanted them to [] say. At that point[,] Tommy Lemon looked over at me[,] got up[,] walked over[,] patted me on my shoulder[,] and said anyone talks about this they are going away for a long time. Because he [realized] I was not a cop. Appellant's Third Amended PCRA Petition, 9/24/13, at Exhibit B.
>
> [Appellant's] PCRA [petition] was denied. On appeal, the Pennsylvania Superior Court held:
>
>> We conclude that Brown's affidavit does not constitute a newly-discovered fact. We find instructive our Supreme Court's decision in [**Yarris**, 731 A.2d at 592]. In **Yarris**,

> the petitioner sought to invoke the newly-discovered fact exception to the PCRA's timeliness requirement. He relied upon an affidavit by an individual who said that she heard another individual, not the petitioner, confess to the murder for which the petitioner had been convicted.
>
> [***Brown IV***, 141 A.3d at 501.]
>
> In making its determination, the Superior Court relied on our Supreme Court's holding in [***Yarris***]
>
>> that the evidence which purportedly reveals that someone other than [the petitioner] committed the murder is hearsay, not within any exception, and so unreliable as to be inadmissible. A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly-discovered fact] exception to the timeliness requirement, nor would such a claim, even if timely, entitle [the petitioner] to relief under the PCRA.
>
> ***Yarris***, [731 A.2d] at 592.
>
> The Superior Court made it clear that inadmissible hearsay does not fall under the newly-discovered fact timeliness exception:
>
>> The alleged confession by Tommy Lemon is hearsay as it is an out-of-court statement offered for the truth of the matter asserted. ***See*** Pa.R.Evid. 801. Any argument that Tommy Lemon's confession was a statement against interest fails because "for this exception to apply, the declarant must be unavailable as a witness, ***see*** Pa.R.Evid. 804(b), and [A]ppellant offers no proof [Lemon] is not available. Therefore, [Brown's affidavit] was inadmissible hearsay and does not fall under [the newly-discovered fact] timeliness exception." [***Abu-Jamal***, 941 A.2d at 1270].
>
> ***Brown*** [***IV***], . . . 141 A.3d [] at 501-02.
>
> For these same reasons, the alleged confession by Anthony Tusweet Smith is inadmissible hearsay and does not fall under the newly-discovered fact timeliness exception.

PCRA Ct. Order, 9/29/21, at 9-10 (footnote omitted and some formatting altered).

With respect to Appellant's governmental interference claim, the PCRA court explained:

> [Appellant] cannot show that had the Commonwealth disclosed the Dorsett statement the outcome of his trial would have been different. This is owning to the simple fact that the Dorsett statement did not exist until April of 2009, approximately 8 years after [Appellant's] trial conviction.
>
> [Appellant] alleges in his PCRA [petition] that had the Dorsett materials been divulged back in 2009, there is a likelihood that the outcome of his prior PCRA proceedings would have been different. [Appellant] does not state how such proceedings would have been different and does not explain how learning about the Dorsett statement back in 2009 would have altered the outcome of his prior PCRA proceedings, and this [c]ourt, in-part for reasons stated below, cannot fathom how the outcome of prior PCRA proceedings would have changed had this information been known.
>
> Moreover, the prosecution is not required to disclose to the defense "every fruitless lead followed by investigators of a crime." *Commonwealth v. Crews*, 536 Pa. 508, 640 A.2d 395, 406 (1994). Additionally, inadmissible evidence cannot be the basis for a *Brady* violation. *See Wood v. Bartholomew*, 516 U.S. 1, 6, 116 S.Ct. 7, 10, 133 L.Ed.2d 1 (1995) (reversing grant of *habeas corpus* relief where evidence withheld by prosecution was inadmissible; thus, disclosure not "'reasonably likely'" to have resulted in different outcome); *Commonwealth v. Mitchell*, 839 A.2d 202, 216 ([Pa.] 2003) (inadmissible evidence not material under *Brady*).
>
> Here, the statement is inadmissible hearsay . . . and as such could not be the basis of a *Brady* violation. Accordingly, the Commonwealth did not violate *Brady* by not disclosing this document.

PCRA Ct. Order, 9/29/21, at 8-9 (footnote omitted).

Following our review of the record, we find no error in the PCRA court's conclusion that Appellant failed to establish the newly-discovered fact

exception to the PCRA time bar. As noted by the PCRA court, our Supreme Court has held that a petitioner cannot rely on inadmissible hearsay to establish the newly-discovered fact exception to the PCRA time bar. *See **Yarris***, 731 A.2d at 592. Therefore, Appellant's claim must fail.

However, with respect to Appellant's government interference claim, we conclude that the PCRA court erred in resolving that issue by finding that Appellant's underlying ***Brady*** claim was meritless. As we have discussed, a PCRA court's review of a claim invoking the governmental interference timeliness exception does not require a substantive analysis of the underlying ***Brady*** claim. *See **Stokes***, 959 A.2d at 310; *see also **Abu-Jamal***, 941 A.2d at 1268 (explaining that the governmental interference exception to the PCRA time bar requires proof that "the failure to previously raise the [***Brady***] claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence" (citation omitted)). Therefore, we conclude that remand is necessary for the PCRA court to determine whether Appellant met the governmental interference exception to the PCRA time bar.

On remand, Appellant shall be afforded an opportunity to amend his petition in order to identify when he first discovered the information relating to Dorsett's plea. *See **Brown VII***, 308 A.3d at 769 (stating that, on remand, "in the event the PCRA court's reasons [for dismissing Appellant's PCRA petition] are rejected, [Appellant] shall be afforded an opportunity to amend his petition to address the defect identified by the Superior Court"); *see also*

*Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (explaining that "[a]s [the] appellant does not explain when he first learned of the facts underlying his PCRA claims, he has failed to meet his burden of showing he brought his claim within [the time period required by § 9545(b)(2)]").

After Appellant has the opportunity to amend his petition, the PCRA must evaluate Appellant's government interference claim and determine whether he has met the timeliness exception. If the PCRA court concludes that Appellant satisfied the governmental interference exception to the PCRA time bar, only then shall it proceed to reach the merits of Appellant's underlying *Brady* claim. However, if the PCRA court concludes that Appellant failed to satisfy the governmental interference exception to the PCRA time bar, the PCRA court lacks jurisdiction to proceed and shall dismiss Appellant's PCRA petition. *See Ballance*, 203 A.3d at 1031 (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)).

Order affirmed in part and vacated in part. Case remanded for further proceedings.[5] Jurisdiction relinquished.

Judge McCaffery did not participate in the consideration or decision of this case.

---

[5] We also remind the PCRA court of our earlier decision to remand for a hearing to consider whether Appellant established a newly discovered fact exception based on the statements from Darnell Hines and Acey Taylor, which was not affected by the recent Supreme Court decision in this matter. *See Commonwealth v. Brown*, 2023 WL 2507243 (Pa. Super. March 15, 2023).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/28/2024